[No. 33604. Department Two. June 28, 1956.]

ROBERT H. OWENS, *Respondent*, v. THE CITY OF SEATTLE,
*Appellant.*[1]

[1]Reported in 299 P. (2d) 560.

*A. C. Van Soelen, C. C. McCullough,* and *R. H. Siderius,* for appellant.

*Eddleman & Wheeler, William R. Eddleman,* and *James S. Turner,* for respondent.

HAMLEY, C. J.—Robert H. Owens, while driving on Airport way in Seattle, was injured when his car struck a pool of water and went out of control. He brought this action against the city on the alternative theories of negligence and nuisance. Damages in the sum of $69,227.55 were prayed for.

The case went to trial on both causes of action. At the conclusion of plaintiff's case, however, the trial court sustained a demurrer to the cause of action based on nuisance. The jury returned a verdict for Owens in the sum of $24,-100.55. Judgment was entered accordingly. The city appeals. Owens, proceeding under Rule on Appeal 16, 34A Wn. (2d) 23, as amended effective January 3, 1955 (45 Wn. (2d) xxvii), also questions certain rulings of the trial court.

The issues presented on appeal relate to the sufficiency of the evidence to establish liability on the theory of negligence; the admissibility of certain evidence; the giving of several instructions; the failure to give others; and the dismissing of the cause of action based on nuisance.

At the close of all the testimony, the trial court denied a challenge to the sufficiency of the evidence and later denied a motion for judgment n. o. v. In considering the assignments of error directed to these rulings, we believe the jury was entitled to find the facts to be as follows: The accident occurred about five o'clock p. m., on January 6, 1954. It was dusk, and rain was falling lightly. Owens was driving north in the easterly lane of Airport way, a four-lane street. He was not driving in excess of the legal speed limit

of thirty-five miles an hour. As he approached the 7800 block on Airport way, four or five cars passed him. Immediately afterwards, his vehicle struck a pool of water on the concrete surface of the street.

This pool of water, which was from three to four inches deep, extended for a distance of some two hundred sixty feet. For part of this distance, the water covered the entire surface of the easterly lane, in which Owens was driving. At some points, the pool extended several feet into the inside lane of northbound traffic.

Owens, who was watching the road at the time, did not observe the pool of water prior to the time his car struck it. The impact covered the windshield with water, making it impossible for Owens to see. His car went into a spin, swerved across the center line, and collided with an automobile traveling south. After the accident, the city placed barriers and lights to protect other drivers.

A similar accident had occurred at the same time and place four days previously. As in this case, a northbound vehicle hit the pool of water, went out of control, and collided with a car going south. The driver involved in that accident testified that, as the wheels of his car struck the water, his steering wheel was jerked and his car slid into the southbound lane. He further testified that he was unable to see the water until his car had reached the pool.

The city argues that the evidence was insufficient to establish liability on the theory of negligence. The testimony, it is pointed out, did not disclose the existence of holes or ruts in the street, but a depressed area some two hundred sixty feet long and of varying widths and depths. It was the presence of water in this depression which caused Owens' car to go out of control. There was no evidence that the city did any affirmative act which caused the water to gather in this pool. Surface water is a common enemy, the city contends, and where the city has not caused the water to gather, it is not liable for the resulting damage.

The "common-enemy" doctrine, referred to by appellant (see *Wood v. Tacoma*, 66 Wash. 266, 119 Pac. 859), pertains to the casting of surface waters on property and

the right of a person to divert those waters. It has no application to the duty of a municipality with respect to the maintenance of its streets as a place for travel. *Murphy v. Indianapolis*, 83 Ind. 76.

 A municipality is not an insurer against accident nor a guarantor of the safety of travelers. It is, however, obligated to exercise ordinary care to keep its public ways in a reasonably safe condition for persons using them in a proper manner and exercising due care for their own safety. *Berglund v. Spokane County*, 4 Wn. (2d) 309, 103 P. (2d) 355. Where this duty is not fulfilled, the municipality is negligent and may be held liable for damages proximately caused by such negligence. *Bradshaw v. Seattle*, 43 Wn. (2d) 766, 264 P. (2d) 265.

 The duty of care to which reference has been made does not require a municipality to maintain streets in ideal traveling condition, nor to guard the traveling public from such normal hazards as small depressions in the surface of the roadway or ordinary puddles of water in the street. But where the depression is so large and extensive, or the accumulated water so wide and deep, as to constitute a real danger not reasonably to be anticipated by users of the street, the municipality has a duty to eliminate the hazard or to warn the public of its presence.

 The jury, on the evidence presented in this case, could have found that the depression and accumulated water on Airport way was of a kind which gave rise to such a duty. If the city had actual or constructive notice of that hazard, the failure of the city to remove the hazard, or warn the traveling public of the danger, constituted negligence, or so the jury could have found.

 Without recounting the evidence on the point, we believe it was sufficient to support a jury finding that the city, through its engineering department, had actual prior knowledge of the hazard. The evidence also supports the jury finding that appellant's negligence was a proximate cause of the accident.

■ The question of contributory negligence was properly submitted to the jury. Traveling in the dusk, with cars passing to his left, Owens' ability to see and appreciate the danger in time to avoid it presented a question of fact. The depth of water cannot usually be perceived from its surface appearance. Traffic conditions may have prevented a last-minute swerve to the left. The experience of another driver in a similar accident four days before substantiates Owens' testimony that he could not see the pool of water until he struck it.

We therefore conclude that the trial court did not err in denying the challenge to the sufficiency of the evidence and the motion for judgment n. o. v.

In contending that it is at least entitled to a new trial, appellant argues that the trial court's failure to give the following instruction (requested instruction No. 7) was prejudicial error:

"I instruct you that the laws of the state of Washington and the ordinances of the city of Seattle, among other things, provide as follows:

" '(1) Every person operating or driving a vehicle of any character upon the public highways of this state shall operate the same in a careful and prudent manner and at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of the traffic, weight of vehicle, grade and width of highway, condition of surface * * *.'

"Violation of this law is negligence per se and if you find from the evidence that the plaintiff violated said law and that said violation was the proximate cause of the injury then your verdict will be for the defendant City of Seattle."

This instruction was pertinent to appellant's theory of the case, that Owens was driving in excess of the lawful speed limit, and that such speed was a proximate cause of the accident. There was evidence from which the jury could have found that Owens was exceeding the speed limit at the time of the accident.

Respondent does not deny that this instruction correctly states the law. He argues, however, that failure to give it

was not prejudicial because the substance thereof was fully covered in other instructions.

The first paragraph of proposed instruction No. 7 embodies the pertinent portion of RCW 46.48.010. The purpose of this statute is to indicate that, under certain conditions, the lawful speed may be less than the posted speed limit. No given instruction conveyed this information to the jury.

The second paragraph of proposed instruction No. 7 would have advised the jury that violation of the lawful speed limit is negligence *per se*. There is no given instruction to this effect.

█ Appellant was entitled to have its theory of the case presented to the jury by proper instructions, if there is any evidence to support the theory. *Lunz v. Newman*, 48 Wn. (2d) 26, 290 P. (2d) 697. Proposed instruction No. 7 is a correct statement of the law pertinent to appellant's theory of the case, which theory is supported by substantial evidence. The failure to give this instruction was therefore prejudicial error.

There was no error in the giving of, or refusal to give, other instructions.

█ The testimony relating to the towing of other cars from Airport way on January 6, 1954, was not sufficiently connected with the vehicles involved in this accident, or with the conditions which caused this accident, and should not have been received.

Respondent's objection to the admission of exhibits 7 and 8 requires a more extended discussion. Three months after the accident, Edwin M. Whiting, an employee of the city's engineering department, arranged to have other personnel of that department take levels of the surface of Airport way at the point where the accident occurred. The data so gathered was noted in an official field book of the engineering department. Whiting then directed personnel of that department to make a graph for the purpose of visually depicting this data. At the trial, Whiting identified exhibit 7 as the graph which had been prepared in the manner indicated. Respondent objected to its admission, on the

ground that it was hearsay evidence and self-serving. The objection was overruled, and exhibit 7 was received, it being held that the graph was admissible as a business record, pursuant to RCW 5.44.110.

Exhibit 8, which was a horizontal map similarly prepared, was likewise admitted over the same objections. Exhibits 7 and 8 were explained to the jury by witness Whiting. They were not introduced for the purpose of illustrating his testimony, however, but as substantive evidence of the street levels at the place of the accident.

█ RCW 5.44.110 is not applicable, as neither the exhibits nor the data on which they were based were made in "the regular course of business," as those words are used in the statute. Both the data and the exhibits were specially prepared for this trial. See *Palmer v. Hoffman,* 318 U. S. 109, 87 L. Ed. 645, 63 S. Ct. 477, 144 A. L. R. 719, relating to written accident reports. See, also, 144 A. L. R. 727, annotation.

█ In our view, there should have been preliminary testimony as to the accuracy of the data upon which the exhibits were based, submitted by someone who could have been cross-examined as to their accuracy. See 3 Jones, Commentaries on Evidence (2d ed.), p. 2579, § 1419; 9 A. L. R. (2d) 1044, 1081, annotation. Lacking such proof of the correctness of the representation, exhibits 7 and 8 should not have been received as substantive evidence. These exhibits were not objectionable as being self-serving.

█ The final question presented relates to the dismissal of the second cause of action, which was based on the theory of nuisance. If the pool of water which had gathered on Airport way was a nuisance, its existence was a consequence of negligence. This being the case, there is no basis for liability on a nuisance theory in this case. *Kilbourn v. Seattle,* 43 Wn. (2d) 373, 261 P. (2d) 407. Hence, it was not error to strike the second cause of action.

Reversed and remanded for a new trial. Costs on this appeal shall abide the result of the action.

HILL, WEAVER, and ROSELLINI, JJ., concur.

MALLERY, J., dissents.