[No. 244-3. Division Three. June 9, 1971.]

TILLMAN BRADEN *et al., Respondents,* v. HOWARD T. REES *et al., Appellants.*

*Lonny R. Suko* (of *Lyon, Beaulaurier, Aaron & Weigand*), for appellants.

*Ronald F. Whitaker* (of *Walters & Whitaker*), for respondents.

EVANS, J.—Defendants in this automobile accident case appeal from an order granting a new trial for failure to give one of plaintiffs' proposed instructions.

Plaintiffs' automobile, being driven by plaintiffs' son Bob Braden, with his mother as a passenger, was traveling east on Branch Road, an arterial highway in Yakima County. Simultaneously approaching Branch Road, traveling south on Barkes Road, was a pickup truck being driven by defendant Howard Rees, an employee of defendant Yakima Implement Company. Both drivers were familiar with the intersection, knew Rees was required to stop at Branch Road and that Rees' vision to the west at the stop sign was partially obstructed by a board fence on the west side of Barkes Road. Bob Braden testified he noticed the Rees vehicle a substantial distance before it reached the intersection and observed it slow as if to stop. Apparently he could see the top of the cab which extended above the fence. Mrs. Braden also testified that she noticed the Rees vehicle as it rolled up to the stop sign. At this point the testimony is in conflict. Mr. Rees testified that he stopped his vehicle with the front end approximately 7 feet beyond the stop sign. Not being able to see to the west because of the fence and a telephone pole he pulled ahead another 4 feet and stopped again where he could see west on Branch Road. At that time he saw the Braden vehicle approaching from the west "quite fast, I would say 80 miles an hour." He followed its progress as it started to weave, go out of control and crash into the ditch on the south side of Branch Road. He testified that at no time was he on the traveled portion of Branch Road and did nothing to cause the Braden vehicle to go out of control.

On the other hand, it was the testimony of Bob Braden and Mrs. Braden that Bob was driving 50 miles per hour

approaching the intersection and was approximately 200 feet from the intersection when they observed the Rees vehicle where the stop sign is located. Their first hint of danger was when the Rees vehicle rolled past the stop sign. It then accelerated onto Branch Road, paused at the center line and then crossed over into the east-bound lane, causing Bob Braden to swerve to the right to avoid colliding with the Rees vehicle.

Plaintiffs' proposed instruction 9 which the trial court determined should have been given reads as follows:

You are instructed that the excessive speed of a car, if any, is not the proximate cause of damage if the driver of such car was where he had a right to be and the driver would not have had sufficient time to avoid the collision had he been driving at a lawful speed.

Defendants contend that the rule of law expressed in the proposed instruction is adequately covered by other general instructions given by the court. These general instructions are set forth in the footnote below.[1] The trial court

---

[1]

"No. 3

"The plaintiff has the burden of proving each of the following propositions:

"First, that the defendant acted or failed to act in one of the ways claimed by the plaintiff and that in so acting, or failing to act, the defendant was negligent.

"Second, that the plaintiff was injured and plaintiff's property was damaged;

"Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff and the damage to plaintiff's property.

"The defendant has the burden of proving both of the following propositions:

"First, that the plaintiff acted or failed to act in one of the ways claimed by the defendant, and that in so acting or failing to act, the plaintiff was contributorily negligent;

"Second, that the contributory negligence of the plaintiff was a proximate cause of plaintiff's own injuries and property damage.

"If you find from your consideration of all the evidence that the plaintiff has sustained plaintiff's burden of proof, and if the defendant has not sustained defendant's burden of proof, your verdict should be for the plaintiff. If you find from your consideration of all the evidence that the plaintiff has sustained plaintiff's burden of proof, and that the defendant has also sustained defendant's burden of proof, your verdict

found otherwise and held that by refusing to give plaintiffs' proposed instruction plaintiffs were prevented from arguing a substantial part of their theory of the case.

should be for the defendant. If the plaintiff has not sustained plaintiff's burden of proof, your verdict should be for the defendant."

"No. 5

"As applied to this case, a statute provides that [a] ' . . . . driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop . . . at a point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection, and after having stopped shall yield the right of way to any vehicle . . . which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or in the intersection.'

"This right of way, however, is not absolute but relative, and the duty to exercise ordinary care to avoid collisions at intersections rests upon both drivers. The primary duty, however, rests upon the driver who faces a stop sign, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times."

"No. 6

"A statute provides that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and he shall so control his speed as may be necessary to avoid colliding with others who are complying with the law and using reasonable care.

"The statute provides that a driver shall drive at an appropriate reduced speed when approaching or crossing an intersection, if the above requirements are present.

"The maximum statutory speed limit on the Branch Road was 50 miles per hour."

"No. 7

"The violation, if you find any, of a statute is negligence as a matter of law. Such negligence has the same effect as any other act of negligence. Therefore, it will not render a defendant liable for damages or bar recovery on the part of a plaintiff claiming injury or damage unless you further find that it was a proximate cause of the claimed injury or damage.

"While the violation of a statute is, generally speaking, negligence as a matter of law, such a violation will not render a defendant liable or bar recovery on the part of a plaintiff claiming injury or damage if it is due to some cause beyond the violator's control, and which ordinary care could not have guarded against."

"No. 15

"A person, who is suddenly confronted by an emergency through no negligence of his own and who is compelled to decide instantly how to

■ In determining the scope of review where a new trial has been granted, the appellate court must ascertain the reason given by the trial court. If the reason given is predicated upon an issue of law, the appellate court reviews for error only, not for abuse of discretion. *Detrick v. Garretson Packing Co.,* 73 Wn.2d 804, 440 P.2d 834 (1968). As stated in *Johnson v. Howard,* 45 Wn.2d 433, 436, 275 P.2d 736 (1954):

> We start with the recognized principle that an order granting or denying a new trial is not to be reversed, except for an abuse of discretion. *Huntington v. Clallam Grain Co.,* 175 Wash. 310, 27 P. (2d) 583. This principle is subject to the limitation that, to the extent that such an order is predicated upon rulings as to the law, such as those involving the admissibility of evidence or the correctness of an instruction, no element of discretion is involved. *Grant v. Huschke,* 70 Wash. 174, 126 Pac. 416; . . . *Hayes v. Sears, Roebuck & Co.,* 34 Wn. (2d) 666, 209 P. (2d) 468.

The trial court determined as a matter of law that plaintiffs were entitled to have their proposed instruction 9 given. Thus we review for error of law, not abuse of discretion.

In determining that the facts of the present case required the giving of plaintiffs' proposed instruction, the court relied upon *Bailey v. Carver,* 51 Wn.2d 416, 319 P.2d 821 (1957), the facts of which are set forth in an earlier appeal in *Bailey v. Carver,* 47 Wn.2d 153, 286 P.2d 680 (1955). In *Bailey* the defendant testified that as he approached an arterial highway traveling east he stopped a short distance

---

avoid injury and who makes such a choice as a reasonably careful person placed in such a position might make, is not negligent even though he does not make the wisest choice."

"No. 16
"Every person using a public street or highway has the right to assume that other persons thereon will use ordinary care and will obey the rules of the road, and he has a right to proceed on such assumption until he knows, or in the exercise of ordinary care should know, to the contrary. When known to the contrary, a reasonable reaction time must be allotted to permit him, in the exercise of due care, to act."

from the intersection at a stop sign. Being unable to see traffic approaching on the highway from the north because of a high bank he pulled into the intersection, at which time he saw plaintiff's car approximately 50 feet distant approaching from the north at a speed he testified was about 15 miles per hour above the maximum speed limit. Being of the opinion he could not escape a collision with plaintiff's car, he lay down in the front seat and awaited the inevitable collision, which occurred in the lane in which plaintiff was traveling. The trial court refused to give an instruction proposed by plaintiffs which was identical to plaintiffs' proposed instruction in the present case. The Supreme Court, in holding that this was reversible error, stated:

> Clearly, under appellant's theory of the case and under the law as announced in the first appeal, appellant's *proposed* instruction No. 17 should have been given, and the trial court erred in failing to do so.

*Bailey v. Carver,* 51 Wn.2d 416 at 420, cited with approval in *Bohnsack v. Kirkham,* 72 Wn.2d 183, 195, 432 P.2d 554 (1967).

A consideration of both the factual pattern and the instructions given in *Bailey* leads us to the conclusion that there are no material distinctions between *Bailey* and the instant case. The court ruled in *Bailey* that it is not enough to instruct that excessive speed is contributory negligence and to generally define proximate cause. Nor does an instruction that plaintiff has a right to assume the roadway is clear suffice. Rather, the jury must be instructed in effect that excessive speed of the favored driver is not a proximate cause if the accident could not have been avoided had he been driving at a lawful speed. While "pinpointed" instructions are to be avoided, giving an instruction on the party's theory of the case is required provided there is evidence to support it. *Sonnenberg v. Remsing,* 65 Wn.2d 553, 398 P.2d 728 (1965), *Owens v. Seattle,* 49 Wn.2d 187, 299 P.2d 560, 61 A.L.R.2d 417 (1956). There is evidence to support plaintiffs' theory, and the general instructions as

given do not encompass the concept expressed in plaintiffs' proposed instruction. As stated by the trial court in granting plaintiffs' motion for a new trial:

> The proposed instruction, which is an exact quote from the *Bailey* case, imposes a *limitation* upon the jury as to what they can consider in determining whether or not the plaintiff's contributory negligence was the proximate cause, or a proximate cause, of the plaintiff's injury. The instructions as given by this court properly set out that the plaintiff could possibly be contributorily negligent due to excessive speed and then instructs the jury that they should find for the defendant if they find that plaintiff's contributory negligence was a proximate cause of plaintiff's own injury. However, nowhere in the instructions did the court indicate to the jury that there was a limitation upon them, as a matter of law, in respect to the excessive speed, if any, of the plaintiff as a proximate cause of the injury. As instructed, the jury in this case could well have found from the evidence that there may have been some excessive speed on the part of the plaintiff, particularly in view of the "appropriate reduced speed at the intersection" instruction, this being a failure to use ordinary care as defined by the courts and, without the limiting language, that this was a proximate cause of the accident and the plaintiff could not therefore recover.

We agree that *Bailey* imposes a limitation upon the jury as to what they can consider in determining whether plaintiffs' excessive speed, if they so find, was a proximate cause of plaintiffs' injury. The factual pattern of the present case required that the rule of law expressed in plaintiffs' proposed instruction 9 be given in order to put the relationship of the duties of the favored and disfavored driver in proper perspective.

Defendants also contend that by use of the words "the collision" the proposed instruction constitutes a comment on the evidence, contrary to article 4, section 16 of the state constitution. It is argued that within the commonly accepted meaning of the word there was no "collision" of the two vehicles, and since there was a dispute as to whether defendants' car was at any time within the east-bound lane and undisputed that plaintiffs' car was in its proper lane,

reference in the instruction to "the collision" suggests that defendants' car was in plaintiffs' lane of travel. The possibility that use of the word "collision" might be misleading was apparently recognized by both court and counsel, as counsel for plaintiffs states in oral argument and in his brief, without contradiction, that in the informal instruction discussion between court and counsel it was agreed that any unfavorable connotations to be drawn from use of the word "collision" would be satisfied by inserting the word "accident" or "damage". Under these circumstances, on a new trial the court is not bound to give the proposed instruction in the precise form it was written.

Since we affirm the order of the trial court granting a new trial, it is unnecessary to discuss cross-assignments of error urged by plaintiffs as additional grounds for granting a new trial. Suffice it to say it was proper to give instruction 6 and refuse to give plaintiffs' proposed instruction 10 for the reasons stated by the trial court.

Order granting a new trial affirmed.

MUNSON, C.J., and GREEN, J., concur.
Petition for rehearing denied July 28, 1971.
Review denied by Supreme Court August 26, 1971.