[No. 741-41550-1.   Division One—Panel 2.   January 3, 1972.]

BEN NAKAMURA *et al., Appellants,* v. BILL JEFFERY *et al., Defendants,* THE CITY OF SEATTLE, *Respondent.*

*Sullivan, Redman & Winsor* and *M. Chandler Redman,* for appellants.

*A. L. Newbould, Thomas J. Wetzel,* and *James B. Howe,* for respondent.

JAMES, J.—By this action plaintiffs Ben Nakamura and Thomas J. Garrett seek to recover damages for personal injuries resulting from the right-angle collision of two automobiles in an uncontrolled street intersection in a Seattle residential area. Garrett, the driver of the favored vehicle, was proceeding north. Nakamura was his passenger. Grady Jeffery, Jr., the driver of the disfavored vehicle, was proceeding east.

Garrett and Nakamura sued Grady Jeffery, Bill Jeffery (the person who rented the car which Grady drove), American Lease Company (the owner of the car which Grady drove), Fujie Ikeda (the owner of a residential garage situated on the southwest corner of the intersection), Emery E. and Jane Doe Andrews (the owners of the residence located on the northwest corner of the intersection), and the City of Seattle. Plaintiffs voluntarily dismissed defendants Andrews, American Lease Company, Grady Jeffery and Bill Jeffery. Fujie Ikeda was granted a summary judgment of dismissal.

At trial, the City of Seattle was the sole defendant. At the conclusion of plaintiffs' case, the trial judge granted the city's motion to dismiss. This is an appeal from the judgment of dismissal.

The theory of plaintiffs' claim against the city is that (1) the garage on the southwest corner of the intersection and a bulkhead and hedge on the northwest corner obstruct the view of approaching drivers and are therefore "nuisances" which the city could and should abate; (2) the existence of the view-obstructing nuisances makes the intersection inherently dangerous; (3) because of the inherently dangerous situation, the law imposes a duty upon the city to post an appropriate warning sign; (4) the city's breach of duty in failing to post a warning sign was negligence; and (5)

the city's negligence was a proximate cause of plaintiffs' injuries.

The trial judge concluded that for either of two reasons the city was not liable. First, the city had no duty to post a warning sign and therefore, as a matter of law, its failure to do so was not negligence. Second, even assuming that the city's failure to post a warning sign was negligence, there was no evidence that the absence of a warning sign was a proximate cause of plaintiffs' injuries. Only the second reason need be considered.

In his oral opinion, the trial judge pointed out that the only evidence concerning the collision was plaintiffs' testimony. On the basis of their testimony he found that plaintiff Garrett (the favored driver), exercising reasonable care, had reached the center of the intersection when his car was struck on the left side by Jeffery's car, which was traveling at a speed of about 50 miles per hour. The trial judge found the ultimate fact to be that the *sole* proximate cause of plaintiffs' injuries was the negligence of Grady Jeffery.

▮ We agree. There is *no* evidence, direct or circumstantial, that Grady Jeffery, the disfavored driver, *was* deceived or misled by the existence of the garage or the bulkhead and hedge.

But plaintiffs argue that Jeffery might have been and probably was deceived and misled.

The factual pattern in this case parallels that in *Johanson v. King County,* 7 Wn.2d 111, 109 P.2d 307 (1941). There, defendant King County had widened a highway but had failed to obliterate the yellow traffic stripe which had marked the center line of the road before widening. The highway was opened to traffic and plaintiffs were injured in a nighttime head-on collision. Plaintiffs' theory was that the offending driver was deceived by the existence of the old center line stripe and did not realize that he was driving to the left of the center of the newly widened highway. The driver of the offending car was killed, and there was no evidence, direct or circumstantial, that he was misled.

The trial court's judgment of dismissal was affirmed with the following analysis:

Appellants say, in effect, that Rian *might have been* and probably was deceived and misled by the yellow line. Appellants cannot recover herein because of what they claim might have happened, or because the driver of the Rian car might have been misled by the location of the yellow line, or because there was no evidence upon which the jury could have found that Rian was not deceived. The burden is upon appellants to establish, by direct or circumstantial evidence, that the location of the yellow line did, in fact, deceive and mislead the driver of the Rian car, to his injury.

The jury may not enter into the realm of conjecture or speculation, in determining whether or not the location of the yellow line was a proximate cause of the collision. . . .

. . .

. . . [I]t would be mere guessing, in view of all the facts, to say that Rian was in any way deceived and misled by the location of the yellow line.

*Johanson v. King County, supra* at 122.

In this case it would be mere guessing, in view of all of the facts, to say that Grady Jeffery was in any way deceived or misled by the existence of the garage, bulkhead and hedge.

The trial court's judgment of dismissal is affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied February 3, 1972.

Review denied by Supreme Court March 7, 1972.