[No. 6843-1-I.   Division One.   February 4, 1980.]

TIMOTHY J. KRISTJANSON, *Appellant,* v. THE CITY OF
SEATTLE, *Respondent.*

*Robert C. Keating, P.S.,* and *John A. Drury,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Elizabeth A. Huneke, Assistant,* for respondent.

JAMES, J.—Plaintiff Timothy J. Kristjanson brought this suit against the City of Seattle for damages sustained as a result of an automobile collision. He alleges that a proximate cause of the collision was the tortious conduct of the City in failing to maintain, properly design, and properly control the use of a road in Golden Gardens Park. We affirm the summary judgment dismissing the suit with prejudice.

The facts are substantially undisputed. Kristjanson suffered serious personal injuries as a result of a collision with

a car driven by Drew Tolliver, who is not a party to this appeal. The accident took place in July 1976 on a curve on Golden Gardens Drive N.W., a steep, sharply curving, 2–lane road through a wooded area. The speed limit was 30 m.p.h.

Kristjanson was proceeding downhill at 17 m.p.h.; Tolliver was going uphill at 54 m.p.h. at the time of impact and had crossed over the roadway's center line when the cars were about one length apart. Tolliver had stopped at the bottom of the hill and offered transportation to two unidentified hitchhikers who had seated themselves on the front passenger seat and on the center console of his car. As they proceeded up the hill, one of the passengers steered while Tolliver operated the gas and brake pedals. As Tolliver increased the speed of his car, the passengers yelled at him to slow down, but he instead accelerated. Despite a warning from one of the passengers to "look out," Tolliver did not see Kristjanson's car until after impact. Approximately 45 minutes after the collision, Tolliver had a .21 Breathalyzer reading. Kristjanson was unconscious after the collision and has no recollection of the events.

Kristjanson contends that a summary judgment of dismissal was improper because there are questions of fact as to whether the City breached its duty to provide adequate sight distance and adequate signing on the road. He established by expert testimony that at all relevant times, the American Association of State Highway Officials (AASHO) had adopted standards pertaining to roadway visibility and signing. Based upon the testimony of one of Kristjanson's experts, the trial judge found that if Kristjanson

had been provided an additional 9.7 feet stopping sight distance he would have had an additional .38 seconds in which to react, and that if he had reacted he could have moved the center of gravity of his vehicle two feet, which, if he had steered to the right would have caused the accident either to occur closer to the rear of [Kristjanson's] vehicle or, more probably, not to occur at all;

The trial judge also found that

a curve warning sign, which would have faced [Tolliver], was missing on the day of the accident;

That in the late spring of 1977, a curve warning sign, which faced [Tolliver], was partially obscured by foliage and an advisory speed sign, which faced [Tolliver], was totally obscured by foliage.

Kristjanson argues that based upon these findings, a trier of fact could have found that the City negligently failed to maintain sufficient road visibility for Kristjanson and negligently failed to warn Tolliver of the hazards which faced him on his uphill drive.

Kristjanson's argument fails to recognize that the trial judge also found the undisputed facts to be that "the stopping distance for [Kristjanson] was greater than the AASHO guidelines at all points on the road, . . ." and that "[Tolliver] was very familiar with the road because he had driven on the road almost every day, and he knew the curves and the approximate speed limits." The trial judge found that even if he were to resolve all doubts in favor of Kristjanson, there was no substantial evidence which would support a finding that any negligence of the City was a proximate cause of the collision. He concluded that the *sole* proximate cause of the collision "was [Tolliver's] incredibly reckless driving." We agree.

The trial judge concluded that "any suggestion that [Tolliver] was misled or that [Kristjanson] would have *reacted* sufficiently to avoid the accident is purely speculative." We agree. At most, Kristjanson's contentions are that, given additional sight distance, he *might* have reacted in a way which could have avoided the collision and that Tolliver *might* have heeded warning signs to drive carefully. His contentions can only be characterized as speculation or conjecture. As pointed out in *Johanson v. King County,* 7 Wn.2d 111, 122, 109 P.2d 307 (1941), recovery cannot be based upon a claim of what "might have happened." As in *Johanson* at 123, "it would be mere guessing" to say that the City's conduct in the maintenance of Golden

Gardens Drive N.W. "in any way" proximately caused the collision which resulted in Kristjanson's injuries. *Accord, Nakamura v. Jeffery,* 6 Wn. App. 274, 492 P.2d 244 (1972). Affirmed.

CALLOW, C.J., and SWANSON, J., concur.