IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2011 MAR 27 AM 11:09
FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

| | |
|---|---|
| MITCHELL KANE, | ) |
| | ) No. 74638-3-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| CITY OF SEATTLE, a municipal | ) |
| corporation, JONATHON HILTON, | ) |
| | ) UNPUBLISHED OPINION |
| Defendants, | ) |
| | ) FILED: March 27, 2017 |
| and | ) |
| | ) |
| BETHANY COMMUNITY CHURCH, | ) |
| | ) |
| Respondent. | ) |

BECKER, J. — Appellant Mitchell Kane was hit by a drunk driver at an intersection near Bethany Community Church. Kane sued Bethany for negligence, alleging that the stop sign at the intersection was obscured by branches on a tree belonging to the church. The trial court correctly dismissed the suit on summary judgment for lack of proof that the driver's failure to stop was caused by the obscuring branches.

Summary judgment orders are reviewed de novo. Farmer v. Davis, 161 Wn. App. 420, 433, 250 P.3d 138, review denied, 172 Wn.2d 1019 (2011). Appellate courts engage in the same inquiry as the trial court. Highline Sch. Dist. No. 401 v. Port of Seattle, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976). Summary

judgment is proper when, viewing all evidence and available inferences in favor of the nonmoving party, there are no genuine issues of material fact. CR 56(c); Highline, 87 Wn.2d at 15. If the plaintiff fails to establish an essential element of his case, the court should grant summary judgment; a complete failure of proof concerning an essential element renders all other facts immaterial. Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 779-80, 133 P.3d 944, review denied, 158 Wn.2d 1017 (2006).

Declarations and exhibits submitted to the trial court establish the underlying facts, which the parties do not dispute. Around 11:30 on a July night in 2014, Kane was driving his moped in the Green Lake neighborhood of Seattle. While crossing eastbound through the intersection of Stone Avenue North and North 80th Street where he had the right of way, Kane was struck by a car moving southbound. He suffered a broken leg and pelvis and injuries to his head and chest.

The southbound driver, Jonathan Hilton, told police that he failed to stop at a stop sign before proceeding into the intersection. Hilton had a Breathalyzer reading of .116. He later pled guilty to vehicular assault.

Bethany Community Church is located at the intersection where the accident occurred. Bethany owns a crabapple tree on Stone Avenue. Photographs show that at various points on Hilton's approach to the intersection, the tree's branches obscured the stop sign that faced him.

Kane sued Bethany along with Hilton and the city of Seattle. Kane alleged that Bethany breached a duty to maintain the tree so that the branches did not

2

interfere with the ability of drivers using the street to see the stop sign. Kane claimed that his damages were a direct and proximate result of Bethany's negligence.

During discovery, the city directed an interrogatory to Hilton asking him to describe "any facts or circumstances you believe contributed to cause the incident." Hilton responded, in part, "I didn't see the stop sign until I got to it; I remember trees being there but currently have no recollection of whether they obscured my vision."

Hilton's testimony at a deposition taken on July 28, 2015, was consistent with this response. He said, "So as you are coming up to the stop sign, I didn't see it as I got up to it." He explained that his passenger "pointed out that there is a stop sign. So that's when I looked over and saw it and went to go slam on my brakes and then that's when the accident happened." Hilton testified that his front tires were already past the stop sign when he looked up and saw it.

During another deposition on August 18, 2015, counsel for Kane asked Hilton to review a photograph of the accident scene. Hilton acknowledged that based on the photograph, it appeared that a tree branch would have blocked his view of the stop sign at a certain point. But later on in the deposition, he testified that the stop sign is visible "once you get closer to it." Counsel for Bethany asked Hilton, "is it fair to say as we sit here today, you don't know why you missed the stop sign on July 9, 2014?" He responded, "Yeah. I would say it's safe to say that I don't know why." When asked "you cannot testify with any degree of certainty . . . that there were branches or trees or foliage of any sort

obstructing the stop sign leading you to not stop, is that a correct statement?," he answered "Well, yeah, I would say it's a correct statement."

Bethany moved for summary judgment in September 2015, arguing in part that Kane lacked proof of causation. Bethany maintained that the sole proximate cause of the accident was Hilton's failure to abide by the rules of the road. Kane responded that the obscuring branches "eliminated the opportunity for Hilton to see and react to the sign in time to stop." The trial court granted the motion based on Hilton's testimony that "he didn't know if the trees obstructed his vision and he had no clear memory that they did, in fact, obstruct his vision." Kane appeals.

One element of a negligence claim is causation. Marshall v. Bally's Pacwest, Inc., 94 Wn. App. 372, 378, 972 P.2d 475 (1999); Little, 132 Wn. App. at 780. The plaintiff must establish that he would not have suffered harm but for the defendant's negligent conduct. Little, 132 Wn. App. at 780.

Whether the plaintiff has shown cause in fact is usually a question for the jury. Little, 132 Wn. App. at 780. "But factual causation may become a question of law for the court if the facts, and inferences from them, are plain and not subject to reasonable doubt or a difference of opinion." Little, 132 Wn. App. at 780, citing Daugert v. Pappas, 104 Wn.2d 254, 257, 704 P.2d 600 (1985).

As evidence that the obscuring branches caused the accident, Kane submits the following: Hilton said that he did not see the sign in time to stop; Hilton's passenger stated that the tree blocked the sign; an expert witness presented by Kane said that the sign was not visible from the distance at which

Hilton would have needed to brake to avoid the collision; another expert's measurements showed that an emergency stop was necessary to stop within sight distance. There was evidence that Hilton, notwithstanding his intoxication, had just successfully driven over 15 miles through a mix of residential and commercial streets and on the freeway and had stopped at all stop signs, including one just 2 blocks before the accident intersection.

This evidence is not proof that the reason Hilton failed to stop at the stop sign on 80th was that he could not see it. Hilton repeatedly testified that he does not know why he did not stop.

Kane contends that in the deposition on August 18, 2015, when Hilton was shown photos of the intersection taken the day after the accident, he "identified the tree branches as the reason he did not see the sign in time to stop." Actually, Hilton said that in the photo, the tree was obscuring the view of the stop sign "to where I wouldn't be able to see it."

> [HILTON:] Seen from right here, it definitely, you know, looks like it is obstructing the view. So yes.
> [PLAINTIFF'S COUNSEL:] Could you clarify what you mean by, "it's obstructing the view?"
> [HILTON:] Yeah. It is obstructing the view of the stop sign to where I wouldn't be able to see it.
> . . . .
> [PLAINTIFF'S COUNSEL:] When you say it's obscuring my view of the stop sign, what are you referring to?
> . . . .
> [HILTON:] I am referring to the tree.

Hilton's subjunctive observation ("I wouldn't be able to see it") does not establish causation. It is not evidence that the tree prevented him from seeing the sign in time to stop. To say that the tree would have obscured the stop sign

5

at the vantage point shown in a photograph is not inconsistent with, and does not overcome, Hilton's unequivocal testimony that he does not know why he failed to stop. Maybe he would have noticed the stop sign earlier if the branches had been properly trimmed, and maybe he would have stopped before he got to the intersection. But speculation does not create an issue of material fact. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 12, 721 P.2d 1 (1986). The nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain. Little, 132 Wn. App. at 780; Marshall, 94 Wn. App. at 377.

A comparable case is Kristjanson v. City of Seattle, 25 Wn. App. 324, 606 P.2d 283 (1980). The plaintiff sustained injuries in a car crash. Kristjanson, 25 Wn. App. at 324. The other driver, who was impaired, was rendered unconscious by the collision and had no recollection of it. The plaintiff sued the city for failing to provide adequate sight distance and adequate signage on the road where the accident occurred. Kristjanson, 25 Wn. App. at 324. A curve warning sign facing the impaired driver was partially obscured by foliage and an advisory speed sign was totally obscured by foliage. Kristjanson, 25 Wn. App. at 326. This court affirmed the order dismissing the suit on summary judgment for lack of proof of causation. "At most, Kristjanson's contentions are that, given additional sight distance, he *might* have reacted in a way which could have avoided the collision" and the other driver "*might* have heeded warning signs to drive carefully." Kristjanson, 25 Wn. App. at 326. Such contentions can only be characterized as "speculation and conjecture." Kristjanson, 25 Wn. App. at 326.

6

Recovery cannot be based on a claim of what *might* have happened. Kristjanson, 25 Wn. App. at 326.

Kane does not show how his case is materially different from Kristjanson. Another analogous case is Little, 132 Wn. App. 777. The plaintiff was injured on a job site. Little, 132 Wn. App. at 778. The circumstances suggested that he had fallen off a ladder, but he had no memory of what happened and no one witnessed the accident. Little, 132 Wn. App. at 778. He sued Countrywood, the company he had been working for. Little, 132 Wn. App. at 779. Summary judgment in favor of the company was affirmed for lack of proof that the accident was more probably than not caused by Countrywood's violations of safety standards. Although it was possible to "speculate that the ladder was not properly secured at the top or that the ground was unstable," no one, including Little, knew how he was injured. Little, 132 Wn. App. at 782.

Under Little and Kristjanson, the evidence that Kane relies on is inadequate to establish causation. Assuming that Bethany was negligent for failing to trim the tree, all we know is that an intoxicated driver failed to stop at an intersection where the tree branches made it difficult to see the stop sign. We do not know that the diminished visibility of the stop sign was a contributing cause of Hilton's failure to stop. Kane's negligence claim fails in the absence of proof that the alleged breach caused his damages.

When Bethany moved for summary judgment, Kane moved to amend his complaint to add a nuisance claim against Bethany. The court denied the motion, and Kane assigns error to this decision as well.

7

In deciding whether to permit an amendment, a court may consider the probable merit or futility of the requested amendments. Doyle v. Planned Parenthood of Seattle-King County, 31 Wn. App. 126, 131, 639 P.2d 240 (1982).

If an alleged nuisance results from allegedly negligent conduct, rules of negligence apply. Hostetler v. Ward, 41 Wn. App. 343, 360, 704 P.2d 1193 (1985), review denied, 106 Wn.2d 1004 (1986). A court need not consider separately a "negligence claim presented in the garb of nuisance." Hostetler, 41 Wn. App. at 360; see also Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 527, 799 P.2d 250 (1990).

Kane asserts that Bethany's failure to trim its trees created a public nuisance. This is the same conduct offered to support the claim that Bethany was negligent. The court did not abuse its discretion in denying Kane's request to add the nuisance claim because it was futile.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, J.