[No. 21107-0-III. Division Three. May 6, 2003.]

SOONTHON THONGCHOOM, ET AL., *Individually and as Guardians, Appellants*, v. GRACO CHILDREN'S PRODUCTS, INC., *Respondent*.

300

*Eugene N. Bolin, Jr.*, for appellants.

*Carl P. Gilmore* and *Todd L. Nunn* (of *Preston Gates & Ellis, L.L.P.*), for respondent.

KATO, A.C.J. — Tyler Thongchoom was injured in a baby walker manufactured by Graco Children's Products, Inc. Claiming the walker was defectively designed, Tyler's parents, individually and as his guardian, sued Graco. They also claimed the manufacturer failed to provide adequate warnings and breached express and implied warranties. Graco's motion for summary judgment was granted. We affirm.

Tyler was born May 19, 1997, in Walla Walla, Washington. Shortly after his birth, Soonthon and Sysanga Thongchoom received a Graco baby walker as a gift. The walker had been purchased at a yard sale and did not have the original instructions or warning information. There was, however, a warning on the walker. The Thongchooms acknowledged seeing and reading this warning.

The Thongchooms first used the walker when Tyler was seven months old. He was able to move around in the walker when he was in the kitchen, but could not move while on the carpet. Ms. Thongchoom thought it would take days or even weeks for Tyler to move the walker on the carpet.

Prior to the accident, Tyler had also begun to crawl. Because he was crawling, the Thongchooms had "baby-proofed" their house. Clerk's Papers (CP) at 73.

On January 29, 1998, the Thongchooms had some friends over. Mr. Thongchoom and another man were watching a basketball game; the others were playing cards. Ms. Thongchoom had prepared a pot of tea in an electrical pot. After Tyler got ready for bed, he was put in the walker. In less than five minutes, he moved his walker backwards and grabbed the cord to the teapot. The teapot fell on him and he suffered burns. Mr. Thongchoom was so upset that he threw out the walker and the teapot.

Mr. Thongchoom had not noticed the dangling cord or he would have moved it. Ms. Thongchoom knew the cord was dangling, but did not think Tyler would be able to reach it.

The Thongchooms sued Graco. Because Mr. Thongchoom had thrown out the walker, Graco was unable to inspect it. From pictures, however, Graco determined that the walker was a Tot Wheels II, model number 4870R. When new, the walker was accompanied by an instruction and warning sheet which informed parents that, when a child was in the walker, the parents needed to closely supervise the child because the child could suddenly move at a brisk pace. It also told parents to provide a safe play place and to never leave a child unattended while in the walker. It also warned parents to keep electrical cords out of the child's reach.

The label affixed to the walker also informed parents to never leave the child unattended. It warned that, to avoid burn injuries, the child should be kept away from ranges, radiators, space heaters, fireplaces, and similar items. The label further informed parents not to use the walker without an instruction sheet. It gave a toll-free number to call to obtain the sheet.

During discovery, the Thongchooms served Graco with interrogatories. Graco gave some responses, but objected to others. It claimed some requests were overbroad and burdensome, while others sought confidential trade secret or proprietary information. Graco proposed an agreed protective order and tried to work with the Thongchooms to narrow the scope and breadth of the discovery requests. When it became clear that the Thongchooms would not agree, Graco moved for a protective order; the Thongchooms filed a motion to compel.

Around this time, Graco filed a motion for summary judgment. All motions were set for hearing on the same day. The court granted Graco's motion for summary judgment. The court noted it was then unnecessary to rule on the remaining motions. This appeal follows.

We review orders of summary judgment de novo. *Miller v. Likins*, 109 Wn. App. 140, 144, 34 P.3d 835 (2001). In the

course of this review, we consider the evidence in a light most favorable to the nonmoving party. *Id*. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c).

The Thongchooms sought damages under Washington's products liability act, RCW 7.72.030, claiming the walker was defectively designed. Under that statute, a plaintiff must show (1) a manufacturer's product (2) was not reasonably safe as designed and (3) caused harm to the plaintiff. *Bruns v. PACCAR, Inc.*, 77 Wn. App. 201, 208, 890 P.2d 469, *review denied*, 126 Wn.2d 1025 (1995). Two alternative tests may be used to establish that a product was not reasonably safe as designed: the risk-utility test and the consumer expectations test. *Id*. at 209.[1]

Under the risk-utility test, liability can be established by showing that,

> "at time of manufacture, the likelihood that the product would cause the plaintiff's harm or similar harms, and the seriousness of those harms, outweighed the manufacturer's burden to design a product that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the product's usefulness."

*Lecy v. Bayliner Marine Corp.*, 94 Wn. App. 949, 959-60, 973 P.2d 1110 (1999) (quoting *Soproni v. Polygon Apartment Partners*, 137 Wn.2d 319, 326, 971 P.2d 500 (1999)), *review denied*, 139 Wn.2d 1025 (2000). The walker was designed to give a baby mobility, the very feature that makes the product dangerous. The only alternative design would be to employ a saucer-type device that would allow a baby to stand, but not allow a baby to move. Such a design, however, completely changes the product. Given the nature and purpose of a baby walker, no feasible alternative design

---

[1] The Thongchooms argue that Graco was negligent. However, strict liability is the standard for product liability cases. *Eriksen v. Mobay Corp.*, 110 Wn. App. 332, 343, 41 P.3d 488 (2002). This is the only type of claim a plaintiff has against a manufacturer. *See Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 87, 896 P.2d 682 (1995). The court properly applied strict liability standards here.

would have prevented the harm here. *See Anderson v. Weslo, Inc.*, 79 Wn. App. 829, 837, 906 P.2d 336 (1995). The risk-utility test is thus inapplicable. *Id.*

Under the consumer expectation standard, the plaintiff must show the product was more dangerous than the ordinary consumer would expect. *Pagnotta v. Beall Trailers, Inc.*, 99 Wn. App. 28, 36, 991 P.2d 728 (2000). Under this test, a manufacturer may not be held liable merely because a product causes harm; rather it must be shown that the product causing the harm was not reasonably safe. *Baughn v. Honda Motor Co.*, 107 Wn.2d 127, 134, 727 P.2d 655 (1986).

The Thongchooms failed to show the walker was more dangerous than what the ordinary consumer would expect. The average consumer uses a baby walker to entertain the baby and to allow the baby some mobility. The Thongchooms claim that the ordinary consumer would not know that babies are more likely to propel themselves backward than forward. This observation, however, does not change the expectation that babies will be able to move in the walker. Mobility was a danger obvious to the ordinary consumer. The Thongchooms thus cannot establish a design defect under the consumer expectations test.

Because the Thongchooms cannot establish the second element of a design defect claim, the court properly entered summary judgment.

■ ■ The Thongchooms also assert Graco failed to provide adequate warnings.

> A plaintiff establishes that a product is not reasonably safe by showing that "at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, rendered the warnings or instructions of the manufacturer inadequate and the manufacturer could have provided the warnings or instructions which . . . would have been adequate."

*Soproni*, 137 Wn.2d at 325 (quoting RCW 7.72.030(1)(b)). As with a claim of defective design, a plaintiff may establish

liability through either the risk-utility test or the consumer expectations test. *Anderson*, 79 Wn. App. at 838.

The walker actually used by the Thongchooms was destroyed. Graco asserts this warning was on the back of the seat of the walker:

- Never leave child unattended. Always keep child in view while in this product.
- Never use near stairs, steps, thresholds. Check that surfaces are flat and free of objects that may cause tipping-over either indoors or outdoors.
- To reduce the chance of child slipping out of the seat, check that both feet of child touch the floor, and never carry this product with child in it.
- To avoid burn injuries, keep child away from ranges, radiators, space heaters, fireplaces, etc.
- Improper use of this product could lead to serious injury.
- If you are without an instruction sheet DO NOT use this product. Call 1-800-345-4109 for one.

CP at 33. The Thongchooms claim this label was on the underside of the walker. But in any event, the Thongchooms acknowledged seeing and reading a warning, which warned of possible dangers. It referenced an instruction sheet and told consumers not to use the product unless they had read the instruction sheet that had more detailed warnings, including a warning to keep dangling cords out of the baby's reach.

The Thongchooms claim the warnings were inadequate because they failed to warn of every possible injury. Specifically, they contend the warnings should have stated that babies can move quickly in the walker and that they often move backward first. But Graco warned of risks associated with mobility. There is no further requirement to warn as claimed by the Thongchooms.

They further contend Graco had a duty to issue postsale warnings. "[A] postsale duty to warn arises after a manufacturer has sufficient notice about a specific danger associated with the product." *Esparza v. Skyreach Equip.,*

*Inc.*, 103 Wn. App. 916, 935, 15 P.3d 188 (2000), *review denied*, 144 Wn.2d 1004 (2001). Their contention presupposes that the original warnings given by Graco were insufficient. They were not. Moreover, there is no evidence that Graco learned of any new danger after the walker was manufactured. The incident with Tyler was covered by the warnings given by Graco at the time of manufacture. Graco had no duty to issue a postsale warning.

Graco complied with its duty to warn. Therefore, the court properly granted summary judgment.

The Thongchooms claim Graco breached its express and implied warranties. RCW 7.72.030(2) provides:

> A product manufacturer is subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW.

■■ Generally, contractual privity between the buyer and seller must exist before a plaintiff may maintain an action for a breach of warranty. *Baughn*, 107 Wn.2d at 151. This requirement is relaxed if the manufacturer makes express representations in advertising, or in some other form, to the plaintiff. *Id.* at 151-52. "Recovery for breach of an express warranty is contingent on a plaintiff's knowledge of the representation." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Constr., Inc.*, 119 Wn.2d 334, 347, 831 P.2d 724 (1992) (citing *Baughn*, 107 Wn.2d at 152).

There was no privity here between Graco and the Thongchooms. The Thongchooms received the walker as a gift. Because there is no privity, they must show an express representation by Graco. They have not done so. The court properly dismissed this claim.

■■ The Thongchooms also contend Graco breached its implied warranties. Privity is also required for a breach of an implied warranty claim. *Baughn*, 107 Wn.2d at 151. Additionally, for there to be recovery on a breach of an

implied warranty, the plaintiff must have purchased something. *Id*. The Thongchooms did not purchase the walker. Accordingly, they do not have an implied warranty claim. The court properly dismissed this claim on summary judgment.

The Thongchooms next contend the court erred by not ruling on their motion to compel before it ruled on the motion for summary judgment. A court may not entertain a CR 37(a) motion to compel unless the motion includes counsel's certification that the conference requirements of CR 26(i) have been met. *Rudolph v. Empirical Research Sys.*, 107 Wn. App. 861, 867, 28 P.3d 813 (2001). Counsel for the Thongchooms did not make the required certification. Because there was no compliance with CR 26(i), the court could not rule on the motion to compel.

Alternatively, the Thongchooms ask this court to treat their motion to compel as a motion for continuance under CR 56(f):

> Should it appear from the affidavits of a party opposing the motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We review a court's ruling on a CR 56(f) motion for a manifest abuse of discretion. *Morgan v. PeaceHealth, Inc.*, 101 Wn. App. 750, 774, 14 P.3d 773 (2000).

"A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery." *Molsness v. City of Walla Walla*, 84 Wn. App. 393, 400-01, 928 P.2d 1108 (1996). The motion to compel does not include an explanation of what evidence they would have obtained with the additional discovery. It was merely an assertion that the materials requested in the interrogatories and requests for production were in the scope of discovery because they related to Graco's knowledge. The motion to compel was

nothing more than the Thongchooms' understanding of the information they were seeking from Graco. They had no knowledge that any of the information would be favorable to their case. A continuance would not have been justified.

The Thongchooms claim the court's letter to counsel explaining its ruling on the motion for summary judgment contained several improper determinations of fact. Because this case was decided on summary judgment, any findings of fact are superfluous and subject to the de novo standard of review. *Hill v. Cox*, 110 Wn. App. 394, 403, 41 P.3d 495, *review denied*, 147 Wn.2d 1024 (2002).

Affirmed.

SWEENEY and KURTZ, JJ., concur.

Review denied at 151 Wn.2d 1002 (2004).