Marissa VALENCIA, a minor, by her Guardian ad Litem, Elodia Valencia, Plaintiff—Appellant,

v.

CRANE CO., a Delaware corporation doing business as Crane Merchandising Systems; Compass Group USA, Inc., a Delaware corporation doing business as Imperial Vending Group, Defendants—Appellees,

v.

Compass Group USA, Inc., Third-party-plaintiff,

v.

Adelida Mendez; Elizabeth Mendez, Third-party-defendants.

No. 03–36053.
D.C. No. CV–02–01290–DCA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2005.

Decided May 20, 2005.

W. Eugene Hallman, William A. Gaylord, Pendleton, OR, for Plaintiff–Appellant.

Mary H. Spillane, Williams Kastner & Gibbs, PLLC, Seattle, WA, Eric J. Neiman, Alexander S. Wylie, Williams, Kastner & Gibbs PLLC, R. Daniel Lindahl, Bullivant Houser Bailey, P.C., Portland, OR, for Defendants–Appellees.

Ronald E. Bailey, Heather H. Van Meter, Jeanne F. Loftis, Bullivant Houser Bailey, PC, Portland, OR, for Defendants–Appellees and Third–Party–Plaintiff.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

### MEMORANDUM *

In this products liability action, Elodia Valencia appeals the district court's grant of summary judgment in favor of Crane Co. ("Crane"), the manufacturer of a hot chocolate vending machine, and Compass Group U.S.A., Inc., doing business as Imperial Vending Group ("Imperial"), the owner of the machine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court's grant of summary judgment is reviewed de novo. *See Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004). We must determine, viewing the evidence in the light most favorable to Valencia, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). Here, the relevant substantive law is the Washington Products Liability Act (WPLA), Revised Code of Washington §§ 7.72.010–.070. *See Snead v. Metro. Prop. & Cas. Ins. Co.,* 237 F.3d 1080, 1090 (9th Cir.2001) (noting that federal courts apply state substantive law in diversity actions).

The WPLA requires a plaintiff to prove that (1) a product was not "reasonably safe" because of design or because of inadequate warnings, (2) the defendant manufactured the product, (3) the plaintiff was injured, and (4) the defective design or inadequate warnings proximately caused the injury. *See* Wash. Rev.Code § 7.72.030. In Washington, a plaintiff can prove that a product is not "reasonably safe" under either a "risk-utility" test or a "consumer expectations" test. *See Soproni v. Polygon Apartment Partners,* 137 Wash.2d 319, 971 P.2d 500, 508 (1999) (en banc) (Talmadge, J., concurring and dissenting) (lamenting that "in [*Falk v. Keene Corp.,* 113 Wash.2d 645, 782 P.2d 974 (1989) ] we held the consumer expectations test was a separate means of demonstrating a design defect was present in a product").

Valencia argues that the hot chocolate machine was defectively designed because (1) the shelf on which the hot chocolate dispensed was too low, and (2) the machine dispensed the hot chocolate at an excessively hot temperature. She also argues that the hot chocolate machine was defective because Crane and Imperial failed to provide adequate warnings, and that Crane and Imperial were negligent.

█ We conclude that the district court correctly held that no genuine issue of material fact exists as to design defect under either the risk-utility test or the consumer expectations test. Valencia did not provide evidence that an alternative design would prevent similar accidents or that lowering the temperature of the hot chocolate would eliminate the risk of injury. Nor did Valencia provide evidence that consumers expect hot chocolate to be served at a significantly lower temperature. Although she argues that we should apply a different standard where children are involved, the machine's coin slot and

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We grant Crane's motion to amend its removal petition in order to reflect the accurate states of citizenship of the parties.

other features assure that a toddler cannot activate the machine without assistance from a taller (and likely much older) person's assistance.

██ Valencia's inadequate warnings claim fails because she did not show that the lack of warnings was a proximate cause of the injury. *See Ayers v. Johnson & Johnson Baby Prods. Co.*, 117 Wash.2d 747, 818 P.2d 1337, 1340 (1992) (en banc). "[T]he lack of warnings did not contribute to the accident in any way." *Soproni*, 971 P.2d at 504.

Valencia's claim that the district court somehow improperly "ignored" her expert's affidavits fails because the district court denied the appellee's motion to strike the affidavits and explicitly stated that it would consider the affidavits in deciding summary judgment.

Finally, the district court properly dismissed on summary judgment Valencia's negligence claim. *See Thongchoom v. Graco Children's Prods., Inc.*, 117 Wash. App. 299, 71 P.3d 214, 217 n. 1 (2003) ("[Strict liability] is the only type of claim a plaintiff has against a manufacturer.").

Appellee's motion to amend its removal petition is **GRANTED**.

**AFFIRMED.**