928 P.2d 1108 (1996)
84 Wash.App. 393
John R. MOLSNESS, Appellant,
v.
The CITY OF WALLA WALLA, a municipal corporation, Respondent.
No. 14197-7-III.
Court of Appeals of Washington, Division 3.
November 26, 1996.
Publication Ordered January 8, 1997.
Eugene G. Schuster, Scott N. Naccarato, Critchlow, Williams, Schuster, Malone & Skalbania, Richland, WA, for Appellant.
Rockney L. Jackson, Menke & Jackson, Yakima, WA, for Respondent.
THOMPSON, Judge.
John R. Molsness appeals the superior court's summary dismissal of his wrongful termination complaint against the City of Walla Walla. He contends the City's threat to fire him for cause was a constructive discharge, and his resignation was involuntary. He also contends the superior court abused its discretion by denying a continuance before considering the City's summary judgment motion. We affirm.
Mr. Molsness began working as the city engineer in 1987. His immediate supervisor was the City's public works director, Duane Scroggins. Mr. Molsness had various conflicts with Mr. Scroggins, resulting in a February 18, 1992, memo from Mr. Scroggins *1109 requesting Mr. Molsness' resignation. The memo stated:
Jack, at our last evaluation I pointed out a number of deficiencies in performance revolving around a problem of communication skill, which is probably a large part of a City Engineer's performance requirements. I suggested at that time that you seek employment with some other agency or consulting firm that could make use of your technical skills where your problems with communication, supervisory, and related skills were not as critical as they are in a City Engineer's position.
Based on feedback from contractors, other departments, observing your staff performance, public speaking performances, and related visual observations, I have a distinct impression of a deteriorating communication problem, as opposed to an improvement in communication skills.
Therefore, based upon past performance evaluation and a progressive record, I am asking that you submit a letter of resignation effective March 31. If not, I am prepared to take action. You will be, in that event, given due process as provided by law, but I have three contractors, other department heads, and your supervisees who are prepared to support the problems listed.
You have many good, strong technical points, and I would just as soon part amicably and provide you with a positive recommendation, rather than entering the performance evaluations that we have discussed into the record.
According to Mr. Molsness, the memo came as a "shock and surprise," and he disagreed with the allegations. Nevertheless, he sent a handwritten letter of resignation to the city manager on March 4, 1992. The letter stated:
This is my notice that I will be leaving City of Walla Walla employment effective March 31, 1992 for reasons I indicated on March 2, 1992. I understand I will be paid all my accumulated annual leave at that time with my regular pay. Also for the month of April I will be paid effective April 30, 1992 my gross monthly pay of $3930 on a personal services agreement together with medical coverage. In return I will have made myself available for April for spot consultation pertaining to city matters I know about (for example[illegible] call questions).
No announcements of my leaving will be made until after March 1992.
I reserve all my rights.
Mr. Molsness later stated he resigned because he believed he had no choice; he said the reservation of rights was to allow him "to take any and all appeals available, and to seek recovery from any losses and problems from leaving employment without another job to go to." Two days later, the city manager sent a memo to Mr. Molsness, proposing a personal services contract for the month of April 1992, and explaining various details, "[i]n return for your resignation effective March 31, 1992." Mr. Molsness signed the agreement on March 10, and the city manager signed it a week later. The parties apparently have complied with the terms of this agreement.
Mr. Molsness filed a complaint in January 1994, alleging he was constructively discharged. The superior court granted the City's motion for summary judgment. Mr. Molsness appeals the summary judgment order, as well as the court's denial of his motion for a continuance to obtain more evidence.
In reviewing a summary judgment order, the court engages in the same inquiry as did the superior court. Atherton Condo. Apartment-Owners Ass'n Bd. v. Blume Dev. Co., 115 Wash.2d 506, 515-16, 799 P.2d 250 (1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56(c). The burden is on the moving party to establish its right to judgment as a matter of law, but the opposing party may not rely on mere speculation or unsupported assertions. Higgins v. Stafford, 123 Wash.2d 160, 169, 866 P.2d 31 (1994); Grimwood v. University of Puget Sound, Inc., 110 Wash.2d 355, 359-61, 753 P.2d 517 (1988).
*1110 An employee's voluntary resignation obviously will defeat a claim for wrongful termination. A resignation is presumed to be voluntary, and the claimant bears the burden of introducing evidence to rebut that presumption. Sneed v. Barna, 80 Wash.App. 843, 912 P.2d 1035, review denied, 129 Wash.2d 1023, 919 P.2d 600 (1996); Micone v. Town of Steilacoom Civil Serv. Comm'n, 44 Wash.App. 636, 642, 722 P.2d 1369, review denied, 107 Wash.2d 1010 (1986); see Christie v. United States, 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975).
Mr. Molsness contends his resignation was not voluntary, but was coerced by Mr. Scroggins' threat of dismissal. The plaintiff in Christie made a similar argument, to which the court responded:
This court has enunciated a principle, now firmly established, for determining whether a resignation is voluntarily tendered. The element of voluntariness is vitiated only when the resignation is submitted under duress brought on by Government action.
. . . .
... Duress is not measured by the employee's subjective evaluation of a situation. Rather, the test is an objective one. While it is possible plaintiff, herself, perceived no viable alternative but to tender her resignation, the record evidence supports [the Civil Service Commission's] finding that plaintiff chose to resign ... rather than challenge the validity of her proposed discharge for cause. The fact remains, plaintiff had a choice. She could stand pat and fight. She chose not to. Merely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation.
This court has repeatedly upheld the voluntariness of resignations where they were submitted to avoid threatened termination for cause. Of course, the threatened termination must be for good cause in order to precipitate a binding, voluntary resignation. But this "good cause" requirement is met as long as plaintiff fails to show that the agency knew or believed that the proposed termination could not be substantiated.
Christie, 518 F.2d at 587-88 (citations omitted); see Barrett v. Weyerhaeuser Co. Severance Pay Plan, 40 Wash.App. 630, 638, 700 P.2d 338 (1985) ("Even when circumstances exist that would justify a finding of discharge, an employee's resignation may be voluntary if it was not prompted by the employer's oppressive actions.").
Mr. Molsness' resignation is not rendered involuntary simply because he submitted it to avoid termination for cause, nor is it relevant that he subjectively believed he had no choice but to resign. Objectively, he did have a choice, as did the plaintiff in Christie, to "stand pat and fight." His resignation was voluntary unless he can demonstrate that Mr. Scroggins knew or believed the threatened termination could not be substantiated. Mr. Molsness has failed to establish any genuine factual issue as to the basis of Mr. Scroggins' threat. Although his affidavit implies the threat was pretextual, Mr. Molsness does not directly dispute the allegation that he lacked the communication skills necessary for the position. His speculation is not enough to avoid summary judgment. See Grimwood, 110 Wash.2d at 360-61, 753 P.2d 517.
Mr. Molsness contends the reservation of rights in his letter further suggests the resignation was involuntary. However, Mr. Molsness later accepted and signed an agreement with the city manager that contained no such reservation and thus presumably satisfied his earlier concerns.
On the record before us, there is no genuine issue as to the voluntariness of Mr. Molsness' resignation. The superior court correctly dismissed the claim.
Mr. Molsness also assigns error to the superior court's denial of his request for a continuance. The City moved for summary judgment on March 30, 1994, and the hearing was set for April 25, 1994. On April 18, Mr. Molsness moved to continue the hearing on the ground that his attorney
believes that additional discovery needs to be conducted before this motion is heard. Specifically, additional depositions or affidavits *1111 may need to be obtained from certain contractors who had worked on projects for the City of Walla Walla. Their testimony may be crucial to the issue of whether or not plaintiff was forced to resign his employment with the City of Walla Walla.
At the hearing, the superior court expressed doubt about the relevance of any such evidence, but gave Mr. Molsness two weeks to supplement the record. At a second hearing on May 10, 1994, counsel for Mr. Molsness requested additional time, but did not identify what additional evidence he expected to obtain if the continuance was granted. The court denied the continuance.
CR 56(f) provides:
When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
A ruling on a motion for a continuance is reviewed for manifest abuse of discretion. Coggle v. Snow, 56 Wash.App. 499, 504, 784 P.2d 554 (1990). A court does not abuse its discretion if
(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.
Turner v. Kohler, 54 Wash.App. 688, 693, 775 P.2d 474 (1989). A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery. Lewis v. Bell, 45 Wash.App. 192, 196, 724 P.2d 425 (1986).
Mr. Molsness' original request for a continuance stated only that additional discovery may be necessary, and that the additional evidence obtained may be relevant to the issues of the case. Even after the court allowed two weeks to supplement the record, Mr. Molsness' counsel was unable to explain specifically what evidence would be obtained by additional discovery, or even to speculate as to the identity of persons whose depositions would establish a genuine factual issue. Vague, wishful thinking is not enough to justify a continuance. The superior court did not abuse its discretion by denying the continuance.
We affirm the superior court's orders.
SCHULTHEIS, Acting C.J., and MUNSON, J., concur.