**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK A. ZANDBERG, | No. 09-35443 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00570-JCC |
| v. | |
| EDMONDS SCHOOL DISTRICT NO. 15 and MARLA MILLER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 6, 2010[**]
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[***]

Mark Zandberg appeals the district court's grant of summary judgment in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

favor of the Edmonds School District ("School District"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### 1. 42 U.S.C. § 1983 Claim

The district court properly concluded that Zandberg failed to raise a genuine issue of material fact as to whether the School District took an "adverse employment action" against him in retaliation for the exercise of his First Amendment rights. *See Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004) (de novo review); *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (to state a First Amendment retaliation claim against a government employer an "adverse employment action" must be demonstrated). Viewed in the light most favorable to Zandberg, none of the School District's actions were "reasonably likely to deter" him from engaging in protected speech. *See id.* at 970. The Letter of Direction issued by the School District to Zandberg and the School District's subsequent communications with him served as guidance for future expression of personal opinion and for communications prepared on behalf of the School District. In directing Zandberg to "clearly distinguish personal opinion from communication on behalf of the district," the School District's Letter of Direction stated that it "respects the right of individual employees to express personal opinions." Further, Zandberg's supervisors

2

explained to him that the Letter of Direction required Zandberg to request approval only for communications prepared on behalf of the School District that lent themselves to "editorializing."

## 2. Wrongful Discharge Claim

The district court also correctly concluded that no genuine issues of material fact, viewing the facts in the light most favorable to Zandberg, exist as to his claim of wrongful discharge under Washington state law. As the district court concluded, there was no evidence the School District took deliberate action to make Zandberg's working conditions so intolerable that a reasonable person would have felt compelled to resign. *See Universal Health Servs., Inc.*, 363 F.3d at 1019 (de novo review); *Washington v. Boeing Co.*, 19 P.3d 1041, 1049 (Wash. Ct. App. 2000) (test for constructive discharge). To the contrary, the evidence shows that Zandberg voluntarily resigned, which conclusively defeats his claim for wrongful termination. *See Molsness v. City of Walla Walla*, 928 P.2d 1108, 1110 (Wash. Ct. App. 1996).

**AFFIRMED.**