FILED

DEC 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STELLA SATTER,

                Plaintiff - Appellant,

  v.

STATE OF WASHINGTON
DEPARTMENT OF ECOLOGY;
KENNETH SLATTERY,

            Defendants - Appellees.

No. 10-36131

D.C. No. 3:09-cv-05645-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted December 5, 2011
Seattle, Washington

Before: TASHIMA, McKEOWN, and TALLMAN, Circuit Judges.

     Stella Satter appeals the district court's grant of summary judgment in favor

of defendants. Satter claims that an unconstitutional prior restraint was placed on

her speech during the pendency of an investigation into her work-related conduct.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Satter also claims she was constructively discharged from her position at the Department of Ecology ("DOE") because she resigned under duress. We agree with the district court that Slattery had qualified immunity and that Satter's resignation was voluntary.

We assume, without deciding, that Slattery's restriction on Satter's speech led to a constitutional violation under the balancing test set forth in *Pickering v. Board of Education*, 391 U.S. 563 (1968). Nonetheless, Slattery is entitled to qualified immunity for this claimed violation if his actions did not violate a "clearly established" right. A right is "clearly established" if "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Moran v. Washington*, 147 F.3d 839, 844-45 (9th Cir. 1998) (internal quotation marks omitted). "Because the underlying determination pursuant to *Pickering* whether a public employee's speech is constitutionally protected turns on a context-intensive, case-by-case balancing analysis, the law regarding such claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity . . . ." *Id.* at 847.

Satter cannot demonstrate that the contours of her right to free speech were sufficiently clear that a reasonable official would understand that the restriction imposed was a violation of that right. Assuming the speech restriction was overbroad, Satter cannot show that Slattery should have understood that the

2

*Pickering* balancing test weighed so clearly in Satter's favor that the prohibition he imposed would be constitutionally problematic. The same rationale applies to the prohibition on Satter's speech subsequent to the conclusion of the investigation. Slattery is therefore entitled to qualified immunity.

With respect to the constructive discharge claim, it is undisputed that Satter tendered her resignation at the pre-disciplinary hearing. Under Washington law, an employee's resignation is presumed voluntary and the employee bears the burden of rebutting this presumption. *Molsness v. City of Walla Walla*, 928 P.2d 1108 (Wash. App. 1996) (citations omitted). A resignation is not rendered involuntary because an employee tenders her resignation to avoid termination for cause. *Id.* at 1110. Satter may nonetheless succeed if the DOE deliberately made her working conditions so intolerable such that a reasonable person in Satter's position would be forced to resign. *Sneed v. Barna*, 912 P.2d 1035, 1039 (Wash. App. 1996). The record does not support such a claim here. Satter did not tender her resignation while the complained-about circumstances were present; instead, she tendered her resignation only when faced with disciplinary action "up to and including discharge."

Satter initially chose to dispute the charges, but later changed her mind. She prepared and provided the DOE a point-by-point rebuttal at the pre-disciplinary

3

hearing; however, instead of arguing her case at the hearing or waiting for the DOE's imposition of discipline, she resigned. Consequently, "[t]he fact remains, plaintiff *had a choice*. She could stand pat and fight. She chose not to. Merely because plaintiff was faced with an inherently unpleasant situation in that her choice was arguably limited to two unpleasant alternatives does not obviate the voluntariness of her resignation." *Molsness*, 928 P.2d at 1110 (quotation marks omitted).

Satter's request for attorneys' fees is denied as moot.

**AFFIRMED.**