# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN L. BUDSBERG, Trustee, | No.  46653-8-II |
| Plaintiff, | |
| KRISTINE BRUMFIELD, a single person, | |
| Appellant, | |
| v. | |
| PAUL TRAUSE, Commissioner, BRUCE DEMPSEY, Deputy Assistant Commissioner, DEPARTMENT OF EMPLOYMENT SECURITY, a department of the State of Washington; STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, P.J. — The trial court dismissed on summary judgment Kristine Brumfield's

"whistleblower" retaliation, wrongful termination, and invasion of privacy claims against the

State of Washington, Washington State Employment Security Department (ESD), ESD

Commissioner Paul Trause, and ESD Deputy Assistant Commissioner Bruce Dempsey

(collectively, "Defendants").  Brumfield appeals, asserting that the trial court erred (1) by failing

to conclude that genuine issues of material facts precluded a grant of summary judgment in favor

of Defendants, (2) by failing to strike declarations submitted by Defendants in support of their

CR 56 summary judgment motion for containing inadmissible hearsay, (3) by failing to strike

portions of the Defendants' CR 56 motion based on discovery violations, and (4) by failing to

find that the Defendants had destroyed evidence.  We affirm.

FACTS

Brumfield was an employee at the ESD from July 23, 1998 until September 1, 2009. On Sunday, January 18, 2009, Brumfield entered the ESD offices and sent an e-mail from her work computer to her personal e-mail address with the subject heading, "Access 97 tables with missing entry dates". Clerk's Papers (CP) at 43. Brumfield attached to this e-mail a database that included the names and social security numbers of over 60,000 ESD clients. Brumfield did not have authorization to send this database to her personal e-mail address.

At some point prior to June 22, 2009, Brumfield filed a hotline complaint with the State auditor's office. Brumfield's hotline complaint alleged that ESD was wasting money by paying a contractor who was not performing her job. On July 27, Brumfield sent an e-mail to her manager, Brian Roper, in response to a negative performance evaluation that Roper had conducted on Brumfield. Brumfield's July 27 e-mail to Roper stated in part, "Are you upset because I did a whistleblower on the money [the Work Opportunity Tax Credit program] was wasting on a contractor who wasn't doing there [sic] job?" CP at 59. On August 7, ESD discovered the January 18 e-mail Brumfield had sent to her personal e-mail address.

In a letter dated August 28, 2009, Dempsey informed Brumfield that the ESD was "considering taking formal disciplinary action against [her], up to and including dismissal." CP at 52. Dempsey's August 28 letter listed numerous allegations against Brumfield, including the allegation that Brumfield had improperly e-mailed herself the database containing ESD clients' social security numbers. Dempsey's letter concluded by informing Brumfield of her right to respond to the allegations and of her right to union representation pursuant to a collective bargaining agreement. On that same day, in a separate letter, Dempsey notified Brumfield that

the ESD was reassigning her to work from home with full pay and entitlements pending the ESD's disciplinary investigation.

Additionally that same day, Dempsey confronted Brumfield about these allegations in a meeting. At the meeting, Dempsey offered Brumfield to resign in lieu of termination on the condition that the ESD could secure the database she had sent to her private e-mail address. Washington Federation of State Employees (WFSE) union representative, Judy DeVoe, attended the August 28 meeting with Brumfield and spoke with her in private. DeVoe advised Brumfield to accept Dempsey's conditional offer to resign in lieu of termination. After her discussion with DeVoe, Brumfield spoke in private with an attorney over the phone. Brumfield thereafter signed two documents. The first document stated, "I resign my position at the Employment Security Department as of 5:00 p.m. September 1, 2009." CP at 62. The second document stated:

> By her resignation effective 5:00 P.M. September 1, 2009, if Employment Security Department with access to her home computer file finds:
>
> 1. There is no misuse of the information contained in the email she forwarded to herself to work on. Specifically, email sent on Sunday, January 18, 2009 entitled "Access 97 tables w/missing entry dates", and information that may reside in six emails sent from work to home between January 26 and August 17, 2009.
>
> 2. She did not forward it to or share it with others outside the agency.
>
> ESD agrees
>
> 1. Not to pursue criminal charges.
> 2. To seal all information pertaining to this issue in a separate legal file (not her personnel file).
> 3. Not to contest her eligibility for unemployment benefits.
> 4. To provide neutral references.
>
> If later it is discovered that Kristine Brumfield did make use of the information, this agreement is null and void.

3

> This agreement serves as an interim agreement pending finalization of the final document within the next seven days that contains other standard language that ESD uses in all such agreements.

CP at 297. Dempsey and DeVoe also signed this second document.

After Brumfield signed the documents described above, the subject of the meeting turned to retrieving the ESD client information from Brumfield's home computer. Although the parties dispute the specifics regarding ESD's retrieval of information from Brumfield's home computer, the following facts are uncontested. After the meeting, the attendees walked together to the ESD parking lot. Brumfield then drove to her home with DeVoe riding as a passenger in Brumfield's vehicle. Dempsey and Joshua Swenson, an ESD Information Technology (IT) employee, followed Brumfield to her home. After arriving at Brumfield's home, Brumfield eventually let everyone in, directed Swenson to the computer in her bedroom, and turned on the computer for him. Swenson then inspected Brumfield's computer, found the ESD client information, and deleted it. Swenson told everyone that he did not find anything on Brumfield's home computer indicating that she had done anything improper with the client information. DeVoe, Dempsey, and Swenson left Brumfield's home.

On September 1, ESD and WFSE, purportedly on behalf of Brumfield, entered into a final settlement agreement that reiterated some of the terms outlined in the August 28 interim agreement that Brumfield had signed. The settlement agreement also included terms that had not been included in the interim agreement. Brumfield did not sign this agreement.

On September 2, Brumfield sent Dempsey a certified letter in which she requested "to withdraw [her] resignation that was effective September 1, 2009 at 5:00 p.m." CP at 314. Dempsey declined Brumfield's request.

4

On September 7, 2012, Brumfield filed a complaint in Thurston County Superior Court, raising claims of unlawful retaliation in violation of the whistleblower law, wrongful termination, and invasion of privacy. Defendants filed a CR 56 summary judgment motion. Defendants attached to their CR 56 motion declarations from Roper, Dempsey, and Defendants' attorney Matthew Kuehn. Kuehn attached to his declaration portions of Brumfield's March 6, 2014 deposition and documentary exhibits used during Brumfield's deposition.

Brumfield filed a response to the Defendants' summary judgment motion that moved to strike Roper's and Dempsey's declarations, claiming that the declarations contained inadmissible hearsay. Brumfield's response also moved to strike portions of the Defendants' summary judgment motion based on alleged discovery violations. Finally, Brumfield's response alleged that the Defendants had destroyed evidence, but it is unclear from her response what remedy she was seeking for the Defendants alleged destruction of evidence. On August 22, 2014, the superior court entered an order granting summary judgment in favor of Defendants. Brumfield appeals.

ANALYSIS

I. SUMMARY JUDGMENT

A. *Standard of Review*

We review summary judgment determinations de novo. *Dean v. Fishing Co. of Alaska*, 177 Wn.2d 399, 405, 300 P.3d 815 (2013). Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *Dean*, 177 Wn.2d at 405. When determining whether summary judgment is appropriate, we consider the facts and all reasonable inferences from those facts in the light most favorable to the

5

nonmoving party, here Brumfield. *Shoffner v. State*, 172 Wn. App. 866, 871-72, 294 P.3d 739 (2013).

Although the moving party bears the initial burden of showing that no issue of material fact exists, "[t]he nonmoving party cannot merely claim contrary facts and may not rely on speculation, argumentative assertions that unresolved factual issues remain, or affidavits considered at face value." *Shoffner*, 172 Wn. App. at 872. In other words, "bare assertions that a genuine material issue exists will not defeat a summary judgment motion in the absence of actual evidence." *Trimble v. Washington State University*, 140 Wn.2d 88, 93, 993 P.2d 259 (2000). We may determine a question of fact on summary judgment as a matter of law if reasonable minds could reach but one conclusion from the evidence. *Swinehart v. City of Spokane*, 145 Wn. App. 836, 844, 187 P.3d 345 (2008).

B.      *Unlawful Retaliation in Violation of Whistleblower Law*

Brumfield first asserts that summary judgment on her whistleblower retaliation claim is inappropriate because material issues of fact remain as to whether the Defendants retaliated against her in violation of the whistleblower statute, RCW 42.40.050. We hold that Brumfield failed to establish a prima facie showing that the ESD took an adverse employment action against her and, thus, the Defendants were entitled to summary judgment on her retaliation claim. We further hold in the alternative that, even if Brumfield could establish a prima facie showing of unlawful retaliation, she failed to rebut the Defendants' evidence of legitimate, nonretaliatory reasons for the employment actions taken against her.

To establish a prima facie case of unlawful retaliation in violation of RCW 42.40.050, an employee must show that (1) she engaged in a statutorily protected activity, (2) the employer

6

took an adverse employment action against her, and (3) the employee's engagement in a statutorily protected activity caused the adverse employment action. *Milligan v. Thompson*, 110 Wn. App. 628, 638, 42 P.3d 418 (2002).[1] If the employee establishes a prima facie case of unlawful retaliation, the burden shifts to the employer to produce evidence of legitimate, nonretaliatory reasons for the adverse employment action. *Estevez v. Faculty Club of the Univ. of Wash.*, 129 Wn. App. 774, 797-98, 120 P.3d 579 (2005). If the employer produces such evidence, the presumption of retaliation is rebutted. *See Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 181-82, 23 P.3d 440 (2001) (discussing burden shifting scheme in the context of a discrimination claim under chapter 49.60 RCW), *overruled on other grounds*, *McClarty v. Totem Elec.*, 157 Wn.2d 214, 137 P.3d 844 (2006). The burden then shifts back to the employee to show that the employer's proffered reasons for the adverse employment action are pretextual or that the whistleblowing conduct was a substantial motivating factor for the employer's action. *Estevez*, 129 Wn. App. at 798, 800. "[W]hen the employee's evidence of pretext is weak or the employer's nonretaliatory evidence is strong, summary judgment is appropriate." *Milligan*, 110 Wn. App. at 638-39.

    1. *Statutorily Protected Activity*

Although the parties dispute whether Brumfield's action in filing a hotline complaint entitled her to whistleblower protections under the statute, it is undisputed that Brumfield

---

[1] Although *Milligan* addresses the standard for establishing a prima facie case for retaliation for opposing discriminatory practices under RCW 49.60.210, this standard is equally applicable to whistleblower retaliation because a whistleblower claim is derived from the same statute. *See* RCW 42.40.050(1)(a) ("Any person who is a whistleblower, as defined in RCW 42.40.020, and who has been subjected to workplace reprisal or retaliatory action is presumed to have established a cause of action for the remedies provided under chapter 49.60 RCW.").

announced that she was a whistleblower in a July 27 e-mail to Roper. All of Brumfield's allegations of retaliatory conduct by the Defendants occur after that date. Contrary to the Defendants' argument on appeal, an employee need not file a whistleblower complaint complying with RCW 42.40.040 to be entitled to the protections against employer retaliation under RCW 42.40.050, when the employer perceives the employee to be a whistleblower. *See* RCW 42.40.020(10)(a)(ii) (defining a whistleblower in relevant part as "[a]n employee who is perceived by the employer as reporting, whether they did or not, alleged improper governmental action to the auditor or other public official . . . ."). Accordingly, Brumfield made a prima facie showing that she was a whistleblower as defined in the statute prior to the adverse employment actions of which she complains.

2. *Adverse Employment Action*

i. *Work Reassignment*

Brumfield contends that her reassignment to work from home pending ESD's disciplinary investigation constituted an adverse employment action supporting her retaliation claim. We disagree.

An employee's alternative work assignment, pending an investigation, that does not subject the employee to any loss in pay or benefits does not constitute an actionable adverse employment. *Tyner v. Dep't of Soc. and Health Servs.*, 137 Wn. App. 545, 564-65, 154 P.3d 920 (2007). Thus, Brumfield fails to make a prima facie showing that her reassignment to work from home with full pay and benefits pending the ESD's disciplinary investigation constituted an adverse employment action.

ii. *Termination*

Brumfield also contends that her termination from ESD employment constituted an adverse employment action supporting her retaliation claim. In response, the Defendants contend that Brumfield failed to rebut evidence that she had voluntarily resigned from employment and, thus, Defendants were entitled to summary judgment on Brumfield's retaliation claim. We agree with the Defendants.

We presume an employee's resignation to be voluntary, and the employee bears the burden demonstrating that his or her resignation was involuntary. *Travis v. Tacoma Pub. Sch. Dist.*, 120 Wn.App. 542, 551, 85 P.3d 959 (2004). "[A] resignation is not rendered involuntary because an employee tenders [her] resignation to avoid termination for cause." *Travis*, 120 Wn. App. at 551. "And the employee's subjective belief that [s]he had no choice but to resign is irrelevant." *Travis*, 120 Wn. App. at 551.

Here, Brumfield signed two documents stating that she was resigning from ESD employment effective September 1, 2009. Brumfield does not dispute that she signed these resignation documents but contends that she did so involuntarily. The only evidence Brumfield produced to support her claim that she involuntarily resigned is her September 2 letter attempting to rescind her resignation.

In *Micone v. Steilacoom Civil Service Comm'n*, 44 Wn. App. 636, 642, 722 P.2d 1369 (1986), we held that evidence of an attempt to rescind an employment resignation may create an issue of fact as to whether a resignation was involuntary. In so holding, we relied on a Federal Circuit Court of Appeals case, *Scharf v. Dept. of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983). *Micone*, 44 Wn. App. at 642. In *Scharf*, the Court held that "the element of voluntariness

is vitiated when . . . an employee unsuccessfully tries to withdraw his resignation *before its effective date*." 710 F.2d at 1574 (emphasis added). Limiting evidence of involuntary resignation to rescission attempts made *before* the effective date of resignation preserves the well-established presumption that an employee's resignation is voluntary. Accordingly, we adopt the reasoning in *Scharf*, and hold that Brumfield's untimely attempt to rescind her resignation was not sufficient to create a material issue of fact as to whether her resignation was voluntary. Because Brumfield failed to rebut the Defendants' evidence that her resignation was voluntary, she failed to show that the Defendants took any adverse employment action against her, a requirement to support her retaliation claim. Therefore, the trial court properly granted summary judgment in favor of the Defendants on Brumfield's retaliation claim.

3. *Cause*

Alternatively, even if Brumfield could establish a genuine issue of material fact as to whether the ESD effectively terminated her employment, she fails to rebut the Defendants' evidence of legitimate, nonretaliatory reasons for her termination from employment and, thus, summary judgment is proper for this reason as well. *Estevez*, 129 Wn. App. at 797-98. Brumfield's admitted conduct in sending herself a database containing the social security numbers of over 60,000 ESD clients constitutes a "single, egregious event" supporting a nonretaliatory reason for her termination from employment. RCW 42.40.050(2); *Estevez*, 129 Wn. App. at 797-98. Brumfield's evidence consisting of performance evaluations conducted before the ESD discovered her admitted conduct in sending the database was not sufficient to raise an issue of fact over whether ESD's proffered reason for her termination from employment

10

was pretextual. *Milligan*, 110 Wn. App. at 638-39. Accordingly, summary judgment was proper on Brumfield's retaliation claim.

C.      *Wrongful Termination*

Next, Brumfield asserts that summary judgment on her wrongful termination claim was inappropriate because material issues of fact remain as to whether she was terminated from employment due to the ESD's perception of her as a whistleblower.[2] Because, as discussed above, no genuine issue of material fact exists to dispute Brumfield's voluntarily resignation from employment, her wrongful termination claim cannot withstand summary judgment. *See Travis*, 120 Wn. App. at 552 (A voluntary resignation from employment waives any claim for wrongful termination.). Alternatively, Brumfield failed to produce evidence rebutting the Defendants' evidence of legitimate, nonretaliatory reasons for her termination from employment. *Estevez*, 129 Wn. App. at 797-98. Accordingly, we hold that the trial court properly granted summary judgment to the Defendants on Brumfield's wrongful termination claim.

D.      *Invasion of Privacy*

Next, Brumfield asserts that genuine issues of material fact preclude summary judgment on her invasion of privacy claim. Again, we disagree.

---

[2] In her complaint, Brumfield claimed wrongful termination based on the Defendants' alleged violation of chapter 42.41 RCW, which statutory provisions prohibit "retaliatory action against a local government employee" for the employee's whistleblowing conduct. But chapter 42.41 RCW does not apply to state employees such as Brumfield. *See* RCW 42.41.020(2) (defining "[l]ocal government" in relevant part as "any governmental entity *other than the state*, federal agencies, or an operating system established under chapter 43.52 RCW." (emphasis added)). Brumfield also claimed wrongful termination based on Defendants' alleged violation of chapter 42.30 RCW. But chapter 42.30 RCW concerns the Open Public Meetings Act of 1971 and does not create a cause of action for wrongful termination. Despite these deficiencies in her pleadings, this opinion will proceed as though Brumfield properly pled a violation of RCW 42.40.050 in support of her wrongful termination claim.

To establish a prima facie claim for the common law tort of invasion of privacy, the claimant must show:

> [(1)] An intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or [her] private affairs; [(2)] With respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy; [(3)] The intrusion would be highly offensive to a reasonable person; and [(4)] That the defendant's conduct was a proximate cause of damage to plaintiff.

*Doe v. Gonzaga University*, 143 Wn.2d 687, 705-706, 24 P.3d 390 (2001), *reversed on other grounds*, 536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002). Consent by a plaintiff clearly negates the element of intentional intrusion upon the plaintiff's private affairs. Accordingly, where no genuine issue of material fact exists to dispute consent by a plaintiff claiming invasion of privacy, summary judgment is proper.

Here, the Defendants argued in their summary judgment motion that Brumfield had consented to the Defendants' entry into her home and onto her home computer. In support of their argument, the Defendants produced evidence showing Brumfield had signed a document permitting the "Employment Security Department with access to her home computer file." CP at 297. The Department also produced Brumfield's deposition testimony, in which she admitted to (1) driving to her home with her union representative riding as a passenger, (2) unlocking her door and allowing ESD employees to enter her home, (3) directing the ESD IT employee to the home computer in her bedroom, and (4) turning on her computer for the ESD IT employee. This evidence was sufficient to meet the Defendants' initial burden of showing the absence of any factual issue regarding Brumfield's consent.

In response to this evidence, Brumfield asserted in an affidavit that the document she signed did not explicitly provide consent to enter her home because "access to her home computer *file*" could be achieved without entering her home. Br. of Appellant at 23. But this assertion does not contradict Brumfield's admitted conduct in allowing ESD employees into her home and providing them access to her home computer. Brumfield also asserted in an affidavit that she had protested numerous times to the ESD's entry into her home and onto her home computer. But Brumfield cannot rely on this bare assertion in her affidavit to overcome summary judgment. *Shoffner*, 172 Wn. App. at 872. Moreover, the assertion that she protested ESD employee's entry into her home and on to her home computer does not contradict her admitted conduct in eventually allowing ESD employees to enter her home and access her home computer. Accordingly, we hold that the trial court properly granted Defendants' motion for summary judgment on Brumfield's invasion of privacy claim.

## II. MOTION TO STRIKE

A. *Hearsay*

Next, Brumfield contends that the trial court erred by failing to strike the declarations of Roper and Dempsey from the Defendants' summary judgment motion, arguing that the declarations contain inadmissible hearsay. Specifically, Brumfield contends that Roper's declaration contains hearsay with regard to his assertion that the ESD's computer system was functional, and she contends that Dempsey's declaration contains hearsay with regard to her history of personnel problems. We need not address these contentions because even absent Roper's and Dempsey's declarations, summary judgment was proper based solely on Brumfield's admissions in her deposition testimony and on the documentary evidence used

during the deposition, which admissions and documentary evidence Brumfield did not challenge in her motion to strike.

Although Brumfield argues that, absent Dempsey's declaration, the Department failed to produce evidence of a history of personnel problems justifying her termination, our affirmance of the trial court's summary judgment order does not depend on such evidence. Rather, we hold that summary judgment was proper based on Brumfield's failure to establish an adverse employment action and, alternatively, on her failure to rebut evidence that ESD would have been justified in terminating her employment based on her admitted conduct in sending the ESD database to her personal e-mail address. Roper's declaration statement regarding the functionality of ESD's computer system similarly has no bearing on the issue of whether summary judgment was proper based on Brumfield's voluntary resignation and on her admitted conduct in e-mailing herself ESD client information. Accordingly, we do not further address this issue.

B.      *Alleged Discovery Violations*

Next, Brumfield asserts that the trial court erred by failing to strike portions of the Defendants' summary judgment motion based on the Defendants' alleged discovery violations. Again, we disagree. Brumfield concedes in her brief that the trial court had rejected her claims of discovery violations by the Defendants when ruling on her motion for sanctions.[3] And Brumfield does not appeal from that ruling. In light of Brumfield's admitted failure to demonstrate a discovery violation in her motion for sanctions, and in light of her failure to appeal

---

[3] Brumfield did not include her motion for sanctions or the trial court's ruling on that motion in the record on appeal.

from that ruling, we discern no error in the trial court's refusal to strike portions of Defendants' summary judgment motion for violating the rules of discovery.

C.      *Alleged Destruction of Evidence*

Finally, Brumfield argues that the trial court erred by failing to find that the Defendants destroyed evidence.[4]  We disagree.

In her response to the Defendants' summary judgment motion, Brumfield argued that the Defendants intentionally destroyed evidence, including files that were once contained on her work computer and voice mails that she left with ESD staff.  Brumfield did not explain, however, how any of the allegedly destroyed evidence was relevant to her claims or to the State's summary judgment motion.[5]  She similarly fails to explain the relevance of this allegedly destroyed evidence on appeal.[6]  Even were we to assume that the Defendants improperly destroyed evidence, we cannot discern how such destruction prejudiced Brumfield absent some relation to her causes of action or to the State's summary judgment motion.  Accordingly, we do not further address this issue.  We affirm the trial court's summary judgment order in favor of Defendants.

---

[4] It is unclear from the record on appeal whether Brumfield raised this argument in her motion for sanctions.

[5] Brumfield's response was also unclear as to what remedy she was requesting for the Defendants' alleged destruction of evidence.

[6] Instead, Brumfield merely asserts on appeal that the destruction of certain documents and of voice mails violated WAC 44-14-03005 and ESD policy.  This does not explain how the destroyed evidence relates to her causes of action or to the State's summary judgment motion.

No. 46653-8-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.